IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

| | | |
|---|---|---|
| DOROTHY BISHOP, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | No. 1:06CV00034 SWW |
| | * | |
| CAMERON MUT. INS. CO., | * | |
| | * | |
| Defendant. | * | |

**Memorandum Opinion and Order**

Before the Court is a motion for partial summary judgment filed by defendant to which plaintiff responded. After careful review of the motion, response, briefs, statement of facts, and exhibits, the Court finds the motion should be granted.

Plaintiff was involved in a multiple vehicle accident on July 7, 2003. Plaintiff subsequently filed suit against Jamie Bishop, the driver of the other automobile, seeking damages based on Bishop's alleged negligence in causing the accident. On June 7, 2004, plaintiff received a default judgment against Bishop after Bishop failed to answer plaintiff's complaint. Her default judgment against Bishop amounts to $120,043.70.

Prior to filing suit against Bishop, plaintiff notified defendant Cameron Mutual Insurance Company ("Cameron") and made a claim for uninsured motorist ("UM") benefits under her automobile policy. Cameron denied plaintiff's UM claim based on its assessment that plaintiff's

own negligence caused or contributed to the subject accident. Plaintiff's automobile policy with Cameron, which provides UM coverage subject to the terms and conditions of said policy, was in full force and effect on July 7, 2003. Plaintiff's automobile policy contains the following clause: "any judgment for damages arising out of a suit brought without our written consent is not binding on us."

Plaintiff filed suit against Cameron in state court, asking for a declaration that Cameron waived the consent to sue clause and is bound by the default judgment entered against Bishop. Cameron removed the action to federal court. In its motion for partial summary judgment, Cameron asks the Court to find that it did not waive the consent to sue clause and that it is entitled to litigate the issues of liability and damages.

The parties do not dispute that an insurer may contract with its insured upon whatever terms the parties may agree so long as those terms do not violate public policy. *Arkansas Blue Cross & Blue Shield v. Hicky,* 900 S.W.2d 598, 600 (Ark. 1995). Cameron argues that under Arkansas law, it is not bound by the default judgment because it did not provide its consent to plaintiff's suit against Bishop. Plaintiff argues that Cameron waived the consent clause by denying liability or by arbitrarily refusing to provide its consent to plaintiff's suit. She complains that Cameron consistently refused to honor the UM claim because it believed that plaintiff was at fault.

In *MFA Mut. Ins. Co. v. Bradshaw,* 431 S.W.2d 252 (Ark. 1968), the Arkansas Supreme Court reversed a summary judgment motion in favor of the insureds, upholding the validity of a consent to sue clause which provided that no judgment would be conclusive, as between the insured and the insurer, of the issues of liability of the uninsured motorist or of the amount of

2

damages to which the insured might be entitled unless that judgment was entered pursuant to an action prosecuted by the insured with the written consent of the insurer. The court noted that the consent to sue clause in question did not provide for a forfeiture of insurance coverage should an insured pursue a cause of action against an uninsured motorist without the written consent of the insurer, and found no public policy reason to invalidate the clause. The court said:

> No penalty of entire loss of coverage is provided for in the policy involved here. The contract here simply permits the insurer to have the opportunity to litigate separately questions of liability of the uninsured motorist and the damages recoverable, unless it consents to an action by its insured against the uninsured motorist. Under this clause, the insured can pursue remedies against either or both the uninsured motorist and the insurer, but he cannot hold the insurer, without its consent, upon a judgment obtained in an action in which the insurer was not a party and consequently had no control over the defense made or evidence offered.

431 S.W.2d at 254.

Plaintiff presents no evidence from which a jury could find that Cameron waived its right to consent to Bishop's suit. There is no evidence that Cameron arbitrarily withheld consent or denied liability under the endorsement. Therefore, the motion for partial summary judgment [docket entry 12] is granted.

SO ORDERED this 13th day of March 2007.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE